**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**


UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CRIMINAL ACTION NO. 1:12-cr-00365

RALPH T. BYRD,

        Defendant.


**MEMORANDUM OPINION AND ORDER**


Pending before the court is the defendant's Motion for Jury Trial [Docket 15]. For reasons appearing to the court, the motion is **DENIED**.

*I.    Facts*

The defendant Ralph T. Byrd has been charged with four counts of contempt of court. (*See* Superseding Information [Docket 9], at 4-7). The charges were brought against Byrd after he disobeyed four court orders issued by the Hon. Roger W. Titus, United States District Judge, District of Maryland. Byrd's failures to comply with court orders are narrated in detail in Judge Titus's Memorandum Opinion & Order [Docket 1].

The court orders were issued after Byrd filed a legal malpractice suit against the attorney who represented him in disciplinary proceedings before the Court of Appeals of Maryland.[1] The district court dismissed the lawsuit for lack of subject matter jurisdiction and, finding that it should

---

[1]    The proceedings ultimately resulted in Byrd being disbarred on April 14, 2009. (*See id*. at 1).

have been obvious to any attorney that the court lacked jurisdiction, characterized the filing as frivolous. (*See* Notice and Order to Show Cause [Docket 2]). Consequently, the court issued its first order, directing Byrd to appear on March 21, 2012, to show cause why he should not be sanctioned under FED. R. CIV. P. 11 for his frivolous filing. (*See id.*). Byrd did not appear on that date. (*See* Superseding Information [Docket 9], at 2).

As a result of Byrd's first failure to appear, the court issued two new orders: the first directed Byrd to appear on April 23, 2012, to show cause why he should not be held in contempt for failing to appear, and the second directed Byrd to pay a $15,000 fine within thirty days. (*See id.*). On the day of the contempt hearing, Byrd filed an emergency motion to continue the hearing due to an ongoing illness. The court granted the motion, continuing the hearing until May 7, 2012, and ordered Byrd to provide documentation from a physician regarding his illness if he wanted a further continuance. (*See id.* at 3). On May 7, when he failed to appear and failed to pay the $15,000 fine, Byrd violated two more court orders. (*See id.*).

Finally, the court again ordered Byrd to appear to show cause why he should not be held in contempt, with the hearing to be held on May 29, 2012. (*See id.*). Byrd again failed to appear on the scheduled date, and the United States brought contempt charges for the violation of four court orders—the orders to appear on March 21, May 7, and May 29, and the order to pay a $15,000 fine.

After charges were brought, Byrd filed his Motion for Jury Trial [Docket 15] pursuant to 18 U.S.C. § 3691 and the Sixth Amendment. The issue has been fully briefed, and the defendant's myriad motions for reconsideration and appeals to the Fourth Circuit Court of Appeals have been denied. The motion is now ripe for review. Believing it would be preferable for an out of district

judge to preside over this matter, the Hon. Deborah K. Chasanow, Chief Judge of the District of Maryland, appointed me to hear this case. For the reasons stated below, the motion is **DENIED**.

II.     *Analysis*

a.      *18 U.S.C. § 3691*

Byrd first claims that he is entitled to a jury trial pursuant to 18 U.S.C. § 3691. That statute provides that when a defendant is charged with contempt for violating a court order, if the "act or thing done or omitted [in violation of a court order] also constitutes a criminal offense under any Act of Congress, or under the laws of any state in which it was done or omitted, the accused, upon demand therefor, shall be entitled to trial by a jury . . . ." 18 U.S.C. § 3691. According to the defendant, Maryland law defines a crime as "any act or omission for which a statute or ordinance imposes a fine or imprisonment." MD. CODE ANN., Courts & Judicial Proceedings, § 7-501(c)(1). Thus, in the defendant's view, the fact that Judge Titus fined him means that the action for which he was fined—failing to appear at the first hearing—was a crime under Maryland law, and as a result 18 U.S.C. § 3691 entitles him to a jury trial. Byrd's fine, however, was not imposed by "a statute or ordinance." Criminal contempt is codified in 18 U.S.C. § 804, but the district court did not impose the fine as a punishment for contempt—that punishment only comes after the defendant is convicted of contempt at trial. The $15,000 fine was imposed by the district court in its sound discretion as a measure that the court is authorized to take to ensure its orders are respected. Criminal contempt charges arose from the same action, but the fine was not imposed by any statute or ordinance, and § 3691 does not guarantee Byrd a jury trial through the applicability of Maryland Code § 7-501(c)(1).

3

Additionally, Byrd argues that § 3691 and its guarantee of a jury trial apply to his charges because 18 U.S.C. § 1509 makes it a crime to "willfully attempt[] to prevent, obstruct, impede, or interfere with, the due exercise of rights or the performance of duties under any order, judgment, or decree of a court of the United States." 18 U.S.C. § 1509. However, in making this argument, Byrd ignores the fact that § 1509 makes it a crime to attempt to obstruct justice "by threats or force." 18 U.S.C. § 1509 ("Whoever, **by threats or force**, willfully prevents, obstructs, impedes, or interferes with, or willfully attempts to prevent, obstruct, impede, or interfere with, the performance of duties under any order, judgment, or decree of a court of the United States, shall be fined under this title or imprisoned not more than one year, or both."). Maryland's version of § 1509, codified at Maryland Code, Criminal Law, § 9-306(a), also includes clear "by threats or force" language. These forceful obstruction of justice statutes could not apply to Byrd's failure to appear.

The government insists that § 3691 does not apply because of its second exception—"This section shall not apply . . . to contempts committed in disobedience of any lawful writ, process, order, rule, decree, or command entered in any suit or action brought or prosecuted in the name of, or on behalf of the United States." 18 U.S.C. § 3691. For example, a defendant charged with contempt for violating a court injunction issued at the request of the Securities and Exchange Commission is not entitled to a jury trial because the order was entered in a suit brought on behalf of the United States. *See Frank v. United States*, 395 U.S. 147, 148 n.1 (1969). That exception does not apply to this case, however. The court's orders to appear were made in connection with sanctions threatened in a civil suit Byrd brought against his attorney for legal malpractice. There

was no case brought by or on behalf of the United States until charges were brought against Byrd

for violating the court order.

At any rate, Byrd has pointed to no statute making his failures to appear or failure to pay a

fine into crimes separate from his contempt charges. Nor has Byrd offered the court any legal

precedent requiring a jury trial pursuant to § 3691 when a defendant is charged with criminal

contempt after offending the court in a way that is clearly within the court's discretion to punish. In

contrast, the Fourth Circuit held that § 3691 was inapplicable—meaning no separate crime was

committed—when Richmond city officials were charged with contempt after violating a court

consent decree, which the appeals court equated to a court order in the opinion. *See Richmond*

*Black Police Officers Ass'n v. City of Richmond, Va.,* 548 F.2d 123, 127 n.3 (4th Cir. 1977) ("For

instance, where a party violates a court order, or as here, a consent decree, then 18 U.S.C.

§ 401(3) . . . gives the district court substantive criminal contempt power."); *see id.* ("In this case,

while the district court clearly treated the allegedly contemptuous conduct as "willful," no offense

against the United States or against a state was charged, and therefore 18 U.S.C. § 3691 is

inapplicable."). Additionally, *Fletcher v. U.S.*, 174 F.2d 373, 376 (1949) found that contempt

charges based on the unlicensed practice of law did not fall within the ambit of § 3691 because no

separate crime was committed. The court agrees with *Richmond Black Police Officers Ass'n*:

punishment for the violation of a court order is squarely within the district court's contempt

powers, and § 3691 is not implicated by the charges. Therefore, § 3691 does not entitle Byrd to a

trial by jury.

        b.     *Sixth Amendment*

Next, Byrd claims that the Sixth Amendment's guarantee of a speedy and public trial by an impartial jury entitles him to a jury trial. This argument fails. "It is doubtless true that there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision and should not be subject to the Fourteenth Amendment jury trial requirement . . . . Crimes carrying possible penalties up to six months do not require a jury trial if they otherwise qualify as petty offenses." *Duncan v. Louisiana*, 391 U.S. 145, 159 (1968) (footnote omitted). Crimes punishable by a fine of $5,000 or less are also considered petty.[2] *See* 18 U.S.C. § 1. Although relatively minor losses of liberty like possible probation time can factor into whether an offense is serious or petty, the deprivation of liberty involved in a prison sentence is much more severe and thus the "[p]rimary emphasis . . . must be placed on the maximum authorized period of incarceration." *Blanton v. City of N. Las Vegas, Nev.*, 489 U.S. 538, 542 (1989). However, the crime of contempt as codified in 18 U.S.C. § 401 is unique in that it carries no maximum penalty. Using the punishment *actually* imposed in a contempt case to measure whether the offense was serious or petty is supported by Supreme Court jurisprudence. *See Duncan*, 391 U.S. at 162 n.35 ("It is therefore understandable that this Court in *Cheff* seized upon the penalty actually imposed as the best evidence of the seriousness of the [contempt] offense for which Cheff was tried."); *Bloom v. Illinois*, 391 U.S. 194, 211 (1968) ("Under the rule in *Cheff*, when the legislature has not expressed a judgment as to the seriousness of an offense by fixing a maximum penalty which may

---

[2]     Finally, Byrd claims that he is entitled to a jury trial as a matter of law because Judge Titus fined him $15,000, which, in Byrd's view, makes this a serious offense. However, an offense is characterized as "serious" by virtue of the fine it carries if convicted. Judge Titus fined the defendant $15,000 for his failure to appear at the first hearing. The government did not bring contempt charges until the defendant had missed two more hearings and failed to pay the fine. The defendant has not been convicted of contempt, and there is no way to describe the $15,000 fine as a punishment imposed by the government after conviction on an offense. It has no bearing on the characterization of the defendant's contempt charges as "serious" or "petty."

be imposed, we are to look to the penalty actually imposed as the best evidence of the seriousness

of the offense.") (quoted as support in *Codispoti v. Pennsylvania*, 418 U.S. 506, 511 (1974)); *Cheff*

*v. Schnackenberg*, 384 U.S. 373, 380 (finding defendant was properly convicted without a jury

because contempt crimes actually punished by six months or less in prison are petty offenses).

Of course, if the need for a jury in a contempt trial is depends upon the penalty imposed, the

question becomes whether the court should make the determination that the offense is "petty"

before the bench trial begins or after the defendant has been convicted and sentenced. The answer,

it turns out, is that the timing doesn't matter as long as a defendant who actually receives a prison

sentence of more than six months or a fine of more than $5,000 is given a jury trial if he requests it:

> [I]n the absence of legislative authorization of serious penalties for contempt, a
> State may choose to try any contempt without a jury if it determines not to impose a
> sentence longer than six months. We discern no material difference between this
> choice and permitting the State, after conviction, to reduce a sentence to six months
> or less rather than to retry the contempt with a jury.

*Taylor v. Hayes*, 418 U.S. 488, 496 (1974). The Fourth Circuit has held the same:

> Indeed, whether a court makes an express pretrial announcement indicating the
> limits on the penalty it will impose, every time it denies a defendant's request for a
> jury in a criminal contempt case, the court, simply by denying the request,
> effectively indicates pretrial that it will not impose a sentence greater than that
> permitted for a "petty" offense. . . . . Only if the court later imposes a penalty
> characteristic of a "serious" offense will the defendant's constitutional rights be
> violated.

*United States v. Linney*, 134 F.3d 274, 281 (4th Cir. 1998). Therefore, the court now **DECLARES**

that if the defendant is convicted on his contempt charges at trial, a penalty of no more than six

months or a fine of $5,000 will be imposed. As a result, the defendant is not entitled to trial by jury,

and his motion for the same is **DENIED**.

7

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:          December 19, 2012

Joseph R. Goodwin, Chief Judge